**IN THE UNITED STATES DISTRICT COURT**
**NORTHEN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SANTA DIGNA CRUZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | **JURY DEMAND** |
| **MAJESTIC STAR CASINO AND** | ) | |
| **HOTEL, LLC. a/k/a MAJESTIC STAR** | ) | |
| **CASINO, MAJESTIC STAR HOLDCO,** | ) | |
| **INC., MAJESTIC STAR II,** | ) | |
| **ACQUISITION, LLC., THE MAJESTIC** | ) | |
| **STAR CASINO, THE MAJESTIC STAR** | ) | |
| **CASINO II, INC., THE MAJESTIC STAR** | ) | |
| **CASINO II, LLC., Indiana Corporations,** | ) | |
| | ) | |
| **Defendants.** | | |

**COMPLAINT**

Plaintiff, SANTA DIGNA CRUZ, by her attorneys of Weiss Ortiz, PC., complains of the Defendant, MAJESTIC STAR CASINO AND HOTEL LLC. et. al., as follows:

**JURISDICTION AND VENUE**

This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). The Defendant is not a citizen as the same state as Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(c) because Defendant is a corporation. A corporation is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction. Defendant advertises and promotes its business in the state of Illinois, and more particularly buses clients to its place of business from the state of Illinois particularly from this jurisdiction boundaries of the United States District Court of the Northern District of Illinois (Chinatown Bus Shuttle) to its location in Indiana.

1

## **PARTIES**

1. The Plaintiff, SANTA DIGNA CRUZ (Ms. Cruz), is a citizen of the State of Illinois, and resides in the County of Cook state of Illinois.

2. The Defendant, MAJESTIC STAR CASINO AND HOTEL LLC.et. al. (Defendants) is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

## **FACTS**

3. That on September 8, 2018, Ms. CRUZ, visited Defendant's gambling casino.

4. That on in the course of its said business, the Defendant, invited the general public, including Ms. Cruz, to enter said premises for the purpose of conducting its business—gambling.

5. That during her visit, Ms. CRUZ, at approximately 4:00 P.M. entered Defendant's casino at 1 Buffington Harbor Dr. Gary, IN 46046 (Premises). Ms. CRUZ played by the jackpot machines for about an hour. At approximately 5:00 P.M., Ms. Cruz walked toward the buffet when she slipped while descending the ramp which was carpeted.

6. Ms. Cruz was hospitalized for six (6) days following the incident.

7. Defendant has a duty to safeguard invitees from any foreseeable dangerous conditions including but not limited to inadequate lighting, worn and improperly installed flooring, carpeting and inadequate signage.

8. Defendant breached this duty when Ms. Cruz slipped while walking down the ramp and sustained personal injuries. As a proximate and direct cause of the defective flooring and or carpeting and inadequate lighting, Ms. Cruz sustained medical expenses and personal injuries that prevents her from walking, fulfilling daily household activities, and she will continue to have impairment and limited range of motion that will prevent her from functioning at full capacity.

9. Due to her fall, Ms. Cruz has ongoing back and hip and leg pain and needs only walks with a walker.

10. Ms. Cruz endured several visits for medical care to over nine facilities, injections to reduce the pain, physical therapy and now requires a walker for balance.

11. Because of the seriousness of the injury and associated treatment, Ms. Cruz suffered direct and compensatory damages related to these injuries.

## COUNT I

12. That on or about September 8, 2018, the Defendant owned, operated, maintained, possessed, and controlled the Premises commonly known as MAJESTIC STAR CASINO AND HOTEL, et. al., in the City of Gary, State of Indiana.

13. That on or about September 8, 2018, and for a long time prior and subsequent thereto, the Defendant, either leased or owned the Premises that is opened to the general public, including the Plaintiff.

14. That on or about said date, the Plaintiff was lawfully upon said Premises as aforesaid and pursuant to said invitation to enter the Premises.

15. That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety, while Ms. CRUZ, was in the exercise of that degree of care and caution for her own safety commensurate with that of an individual of her like age, capacity, discretion, experience, intelligence and ability.

16. That it then and there became and was the duty of the Defendant, by its duly authorized agents, servants and/or employees, to exercise reasonable care to make certain that the premises at

the place aforesaid was in a reasonably safe condition for Ms. CRUZ, including, who was lawfully upon said premises.

17. That not regarding her duty aforesaid, the Defendant, by its duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts:

>  (a) Carelessly and negligently allowed the premises at the place aforesaid, including a certain floor/carpeting, lack of sufficient lighting, located therein, to become and remain in a highly dangerous and unsafe condition.
>
>  (b) Carelessly and negligently allowed the premises at the place aforesaid, including certain floor/carpeting, lack of sufficient lighting, located therein, to become and remain in a highly dangerous and unsafe condition.
>
>  (c) Carelessly and negligently failed to maintain the floor/carpeting, lack of sufficient lighting, at said premises, thereby causing the place aforesaid to become and remain in a highly dangerous and unsafe condition.
>
>  (d) Carelessly and negligently allowed the Plaintiffs to walk in said floor/carpeting, lack of sufficient lighting, when —it knew or in the exercise of ordinary care and caution should have known that it was highly dangerous and unsafe to do so, due to the existence of bad flooring/carpeting.
>
>  (e) Carelessly and negligently allowed the Plaintiff to walk on said flooring/carpeting, lack of sufficient lighting, in said property, when —it knew or in the exercise of ordinary care should have known that it was highly dangerous and unsafe to do so.
>
>  (f) Carelessly and negligently allowed the Plaintiff to walk on the flooring/carpeting, which had insufficient lighting, when —it knew or in the exercise of ordinary care should have known that it was highly dangerous and unsafe to do so, due to the existence of the failure to inspect the flooring/carpeting and lighting, in the Premises.
>
>  (g) Carelessly and negligently failed to make inspections of the highly dangerous and unsafe condition existing on the premises at the place aforesaid, thereby negligently and carelessly failing to discover the aforesaid highly dangerous and unsafe condition when the said condition could have been discovered by the exercise of ordinary care and caution.
>
>  (h) Carelessly and negligently failed to repair said highly dangerous and unsafe condition existing on the premises aforesaid, although —he knew of the existence of such highly dangerous and unsafe condition.

(i) Carelessly and negligently failed to warn those persons, including the Plaintiffs who were lawfully on and upon said premises at the place aforesaid, of the highly dangerous and unsafe condition existing thereon.

(j) Permitted and allowed the premises at the place aforesaid to become and remain in a highly dangerous and unsafe condition for an unreasonably long period of time.

18. That as a direct and proximate result of the aforesaid, the Plaintiff, Ms. CRUZ suffered severe injuries, both internally and externally, of a permanent and lasting nature which have caused and will continue to cause pain in body and mind; and the Plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; and the Plaintiff, Ms. CRUZ, was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; and the Plaintiffs have been and in the future will be prevented from attending to their usual affairs and duties.

**WHEREFORE**, the Plaintiff, SANTA DIGNA CRUZ, prays judgment against the Defendant, for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000) for compensatory and pecuniary damages according to proof and for such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable in this civil action.

**Respectfully submitted,**

Date: September 8, 2020

By: _____

**ADEENA WEISS ORTIZ**
One of the Attorneys for Plaintiffs

Weiss Ortiz, P.C.
1011 East 31st Street
La Grange Park, IL 60604
Phone: (773) 498-4498
Fax:    (312) 276-3040
Info@weissortizlaw.com
#6278679